IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF A MEMBER | § | |
| OF THE BAR OF THE SUPREME | § | No. 422, 2025 |
| COURT OF THE STATE OF | § | |
| DELAWARE: | § | ODC File No. 117597-B |
| | § | |
| A. ZACHARY NAYLOR, | § | |
| Respondent. | § | |

Submitted: October 7, 2025
Decided: October 9, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

***PER CURIAM*:**

## ORDER

Having considered the Office of Disciplinary Counsel's ("ODC") verified petition for interim suspension, the Court has received sufficient evidence demonstrating that A. Zachery Naylor ("Respondent"), a lawyer subject to the disciplinary jurisdiction of this Court, has been charged with a felony or other criminal conduct demonstrating that he poses a significant threat of substantial harm to the public or the administration of justice. The petition reflects that Respondent consents to interim suspension without a hearing.

NOW, THEREFORE, IT IS ORDERED that:

(1)    The Respondent is immediately suspended from the practice of law in this State, under Rule 16(a) of the Delaware Lawyers' Rules of Disciplinary Procedure ("DLRDP"), pending the disposition of this matter under the DLRDP.

(2)    During the period of interim suspension, the Respondent shall:

   (a)    not practice law in Delaware directly or indirectly, nor shall he provide any law-related services unless he is directly supervised by a Delaware lawyer;

   (b)    not have any contact, direct or indirect, with clients, prospective clients, witnesses, or prospective witnesses for purposes of the practice of law or the provision of law-related services;

   (c)    not attend any court proceeding or ancillary court proceeding on behalf of a client, address a court on behalf of a client, or make any legal argument on behalf of a client;

   (d)    not advertise any law or law-related services;

   (e)    not independently, or with another lawyer, own, operate, serve as an officer or director of, or share any interest whatsoever, in any law firm, association, corporation, or other business entity, the purpose of which is, in whole or in part, the practice of law;

   (f)    not display to the public any indicia that he is a member of a law firm or available to take clients, including any signage, letterhead, or other written forms, websites, social media accounts or other internet web-based pages.

(g)  provide a copy of this Interim Suspension Order to all employers, whose purpose is in whole or in part, the practice of law, regardless of whether he is a W-2 employee or a 1099 independent contractor;

(h)  fully cooperate with ODC in any efforts to monitor his compliance with this Interim Suspension Order and these conditions;

(i)  report any change in employment (including the name of his employer and job responsibilities) to ODC within ten calendar days of his date of hire; and

(j)  not share in any legal fees arising from clients or cases referred by him during the period of suspension to any other lawyer or in any legal fees earned for services by others during such period of suspension.

(3)  This Order shall be made public.